Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Dina G. Aouad – 036249
daouad@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Plaintiff Reliance Hospitality Group, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, d/b/a Reliance Hotel Group, a Delaware limited liability company,<br><br>            Plaintiff<br><br>vs.<br><br>ASNL, Inc., d/b/a/ Holiday Inn Sioux City, a Missouri corporation,<br><br>            Defendant | No.<br><br>**COMPLAINT** |

Plaintiff Reliance Hospitality, LLC ("Plaintiff' or "Reliance") for its Complaint against ASNL, Inc. ("Defendant") alleges as follows:

## **INTRODUCTION**

1. This action arose when Defendant improperly terminated its hotel management agreement with Reliance (the "Agreement"). Reliance seeks to enforce the Agreement—which has over one year and more than $100,000.00 left in management fees and liquidated damages to be paid to Reliance.

## **PARTIES AND JURISDICTION**

2. Plaintiff is a Delaware limited liability company with corporate headquarters in Phoenix, Arizona, and primarily conducts its business in Phoenix, Arizona.

3. Defendant is a Missouri corporation that owns and operates a hotel in Sioux

City, Iowa.

4. Throughout their contractual relationship, Defendant was aware that Plaintiff's corporate headquarters were located in Phoenix, Arizona and that Plaintiff predominantly operated out of Phoenix, Arizona.

5. Throughout their contractual relationship, Defendant made the requisite payments under the Agreement to Plaintiff by depositing the funds into Plaintiff's bank account in Phoenix, Arizona.

6. The Agreement also provides that any dispute arising from the Agreement would be governed by Arizona law.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff resides in Arizona and the Defendant has had sufficient minimum contacts with the State of Arizona that they could reasonably anticipate being hailed into court there and defending this lawsuit in Arizona does not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

### The Agreement

9. Defendant signed the Agreement on July 1, 2020.

10. The Original Term of the Agreement commenced on July 1, 2020 and expired on July 1, 2021.

11. Section 2.2 of the Agreement provides that the Agreement automatically renews for a renewal term of one year following the end of the Original Term unless either party to this Agreement notifies the other party no less than ninety (90) days before the expiration of the Original Term.

12. The Agreement stated that Reliance would provide hotel management

services to Defendant for the Holiday Inn Sioux City located at 701 Gordon Drive, Sioux City, Iowa 51101.

13. Reliance's contractual duties were to "direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner…and to determine and administer the programs and policies to be followed in connection therewith."

14. Section 7.1 of the Agreement provides that Defendant would pay Reliance a monthly management fee equal to 3% of total hotel revenue or $5,000, whichever is greater. Defendant was also contractually obligated to pay to Reliance a monthly Shared Services Fee equal to $1,500 which covered the accounting support services for the hotel.

15. Section 9.1 of the Agreement provides that Defendant may terminate the Agreement, effective immediately, by reason of gross negligence, willful misconduct or fraud by Reliance.

16. Section 9.1 of the Agreement also provides that each party shall have a right to terminate the Agreement upon the occurrence of a Termination Event defined in Section 9.2 of the Agreement. Specifically, Section 9.2(b) provides that a Termination Event shall mean the occurrence of "[t]he failure of either party to keep, observe, or perform any representation, warranty, covenant, agreement, term, condition, or provision of this agreement that remains uncured by the defaulting party for a period of thirty (30) days after the non-defaulting party's written notice of the same to the defaulting party..."

17. Section 14.7 of the Agreement provides that the Agreement shall be governed by, construed and enforced accordance with the laws of the State of Arizona.

<u>Defendant's wrongful termination of the Agreement</u>

18. On June 7, 2021, Defendant sent a Notice of Termination to Reliance (the "Notice").

19. The Notice alleged that Reliance "failed to keep, observe, or perform" certain provisions of the Agreement in violation of Section 9.2(b) of the Agreement.

20. None of the "examples" cited in the Notice are true, and even if they were

true, Defendant did not abide by the requirement in Section 9.2(b) to provide Plaintiff written notice of its alleged failure to "keep, observe, or perform" any provisions of the Agreement and allow Plaintiff a 30-day period to cure its failure of the same before terminating the Agreement.

21. The Agreement automatically renewed for an additional one year (through July 2022) because Defendant did not abide by the mandatory notice-period in Section 9.2(b) and did not notify Reliance of its intent not to renew the Agreement more than 90 days before the automatic renewal deadline.

22. Defendant's wrongful termination of the Agreement was a material breach.

23. Defendant's breach caused Reliance to suffer monetary damages.

## COUNT I
### Breach of Contract

24. Reliance hereby incorporates all preceding paragraphs by reference.

25. The Agreement is an enforceable contract.

26. Defendant breached the Agreement by wrongful terminating the Agreement.

27. Defendant's breach caused Reliance to suffer damages.

28. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

29. Reliance hereby incorporates all preceding paragraphs by reference.

30. Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

31. Defendant breached the implied covenant of good faith and fair dealing by wrongfully terminating the Agreement without justification.

32. Defendant's breach prevented Reliance from realizing its anticipated benefits of the Agreement.

33. Defendant breach caused Reliance to suffer damages.

34. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12.341 *et seq*.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. For compensatory and expectation damages in an amount to be proven at trial;

2. For an award of attorneys' fees and costs;

3. For pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

4. Such other relief as the Court may deem proper.

RESPECTFULLY SUBMITTED this 19th day of November, 2021.

JENNINGS, STROUSS & SALMON, P.L.C.

By *s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
Dina G. Aouad
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 19, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System.

☐ I hereby certify that on_____, I served the attached document by electronic mail on the following, who are not registered participants of the CM/ECF System:

                                                                                 */s/ Tana Davis-Digeno*

7961776v1(70681.3)